Submitted on the petition and answering memorandum April 19, ballot title certified May 19, 2000

Daniel MEEK,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General for the State of Oregon,
*Respondent.*

(SC S47429)

999 P2d 1138

Daniel W. Meek, Portland, *in propria persona.*

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Jas. Jeffrey Adams, Assistant Attorney General, for respondent.

PER CURIAM

## PER CURIAM

This is a ballot title review proceeding brought under ORS 250.085(2). Petitioner is an elector who timely submitted written comments concerning the content of the draft ballot title for a proposed measure designated by the Secretary of State as Initiative Petition 158 (2000). He therefore is entitled to seek review of the ballot title for that measure certified by the Attorney General. *See* ORS 250.085(2) (setting that requirement).

We have considered each of petitioner's arguments concerning the ballot title certified by the Attorney General. We conclude that none establishes that the Attorney General's certified ballot title fails to comply substantially with the standards for such ballot titles set out in ORS 250.035(2)(a) to (d) (1997).[1] *See* ORS 250.085(5) (setting out standard of review).[2] Accordingly, we certify to the Secretary of State the following ballot title:

AMENDS CONSTITUTION: MANDATES PROCESSES, RULES, FOR RESOLVING CONFLICTS AMONG INITIATIVES, LEGISLATIVE REFERRALS

RESULT OF "YES" VOTE: "Yes" vote mandates judicial, election processes, decisional rules, for resolving conflicts among initiatives, legislative referrals.

---

[1] The 1999 Legislature amended ORS 250.035 in several respects. Or Laws 1999, ch 793, § 1. However, section 3 of that 1999 enactment provides, in part:

"(1) The amendments to ORS 250.035 by section 1 of this 1999 Act do not apply to any ballot title prepared for:

"(a) Any initiative petition that, if filed with the Secretary of State with the required number of signatures of qualified electors, will be submitted to the people at the general election held on the first Tuesday after the first Monday in November 2000[.]"

The present measure is one to which the 1999 act does not apply. We therefore apply the pertinent provisions of ORS 250.035 (1997).

[2] In addition to his argument challenging the ballot title for substantial compliance under ORS 250.035(2)(a) to (d) (1997), petitioner also asserts that the certified ballot title for Initiative Petition 158 "is identical to" the certified ballot title for Initiative Petition 119 (2000), in violation of ORS 250.035(6) ("ballot title shall not resemble any title previously filed for a measure to be submitted at that election"). Petitioner fails, however, to develop that argument or to provide any information to the court concerning Initiative Petition 119. We, therefore, decline to consider that objection.

RESULT OF "NO" VOTE: "No" vote retains statutory rule for resolving measure conflicts; leaves constitution without conflict resolution provision.

SUMMARY: Amends constitution. Currently, courts deciding lawsuits resolve conflicting initiatives, legislative referrals simultaneously enacted; statute provides measure receiving most affirmative votes prevails. Measure authorizes voter lawsuits, without need for dispute between parties, to resolve conflicts. Gives Supreme Court exclusive jurisdiction. Mandates decisional rules, including: provision prohibiting using public resources to collect political funds prevails over conflicting provisions; measure granting tax break prevails over measure prohibiting, limiting tax break; initiative prevails over later legislative referral. Requires run-off election if conflict irresolvable within 60 days. Other provisions.

Ballot title certified. This decision shall become effective in accordance with ORAP 11.30(10).